Joel Harrington
P.O. Box, 502532
San Diego, California 92150
Phone: (858)-688-3023

In Pro Se

FILED
2008 AUG 20 PM 12:05
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOEL HARRINGTON<br><br>Plaintiffs,<br>vs.<br><br>DUXFORD FINANCIAL, INC.; CHASE HOME FINANCE, LLC; and, DOES 1 through 65 INCLUSIVE<br>Defendants | Case No. '08 CV 1537 BTM RBB<br><br>VERIFIED COMPLAINT FOR: RESCISSION; UNFAIR BUSINESS PRACTICES, FRAUD, INJUNCTIVE RELIEF, DECLARATORY RELIEF AND MONETARY DAMAGES<br><br>JURY REQUESTED<br><br>[15 U.S.C. 1601, et seq.] |

**MATTERS COMMON TO MULTIPLE CLAIMS**

**INTRODUCTION**

1. Plaintiff, JOEL HARRINGTON, brings this action against Mortgage Lenders, DUXFORD FINANCIAL, INC., and. CHASE HOME FINANCE, to secure redress from predatory and fraudulent lending practices. Plaintiff seeks to rescind a residential mortgage loan for violation of the Truth in Lending Act, codified at 15 U.S.C. § 1601 et seq., (TILA), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**JURISDICTION**

2. This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), 15 U.S.C. § 1601 (TILA), and 28 U.S.C. § 1367 (supplemental jurisdiction). Venue in this District is proper whereas Defendants transact business here.

**PARTIES**

3. Plaintiff's, JOEL HARRINGTON, is an individual residing in his home commonly know as, and located at, 10446 Shelborne St., San Diego, California 92127, (hereinafter the "Subject Property").

4. Defendant, DUXFORD FINANCIAL, INC., (hereinafter DUXFORD), is a national lender located in the State of California.

6. Defendant, CHASE HOME FINANCE, (hereinafter CHASE), is a national mortgage lender located in the State of Delaware.

8. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES, 1 through 65, INCLUSIVE, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and upon such information and belief alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's' damages were proximately caused by such Defendants.

9. Plaintiff is informed and believes, and on that basis alleges that each of the fictitiously named Defendants were and are the agents, employees, or representatives of the other Defendants and acting in concert with the other.

**FACTS RELATING TO PLAINTIFF'S FEBRUARY 2006 LOAN**

10. On or about February 10, 2006, Plaintiff, JOEL HARRINGTON, obtained a 378,300.00 refinance loan from Defendant, DUXFORD FINANCIAL, INC..

11. Defendants DUXFORD thereafter assigned the contract to Defendants, CHASE HOME FINANCE, who are attempting to foreclose on Plaintiffs mortgage.

12. At all times herein mentioned, Plaintiff, JOEL HARRINGTON, paid his mortgage payment in a timely manner and according to terms, until on or about January 01, 2008.

13. On or about January 01, 2008, Plaintiff discovered that his loan was due to reset on or about February 01, 2008.

14. On or about February 01, 2008, Plaintiff sent via U.S. Mail return receipt requested his Notice of Rescission to Defendant CHASE.

16. Plaintiff asserts that Defendants represented to each of them that the refinance loan was a 30 year fixed rate loan with a fixed interest rate of 7.884% and not a "ARM" loan.

17. Plaintiff asserts that he was "baited" with the 30 year fixed rate mortgage and was later "switched" to a three year "ARM" loan.

18. Plaintiffs further asserts that at no time did he physically meet with an agent of the Defendants, instead, the documents were delivered via Defendants employed notary who only acted as a signing agent and at no time disclosed to Plaintiff the contents of the loan documents.

19. Plaintiffs further asserts that Defendants falsified employment and income information, and forged Plaintiffs name to subsequent escrow documents without Plaintiffs knowledge or prior authorization.

20. Additionally, Plaintiff asserts that Defendants failed to provide the necessary disclosure statements required under (TILA), including but not limited to (a) two copies of Plaintiffs right to rescind, and, (b) ARM disclosure.

**COUNT I- TILA RECISSION**

20. Plaintiff incorporates ¶¶ 1-20. This claim is against DUXFORD FINANCIAL, INC., and CHASE HOME FINANCE.

21. Because the Transaction was secured by Plaintiffs' home, and was not entered into for the purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by TILA, 15 U.S.C. § 1601, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. §226.23.

22. Section 226.23 provides:

(a) Consumers right to rescind

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumers principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. [fn]47.

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram, or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditors' designated place of business.

(3) The consumer my exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of al material disclosures , [fn] 48, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. § 1635(f)].

(4) When more than one consumer in a transaction has the right to rescind the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind</u>

In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumers' principal dwelling.

(2) The consumers right to rescind the transaction;

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditors place of business;

(4) The effects of rescission, as described in paragraph (d) of this section;

(5) The date the rescission period expires;

(f) <u>Exempt transactions</u>.

The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in U.S.C. 15 §1602(w) as one where a "security interest is created or retained against the consumers dwelling to finance the acquisition or initial construction of such dwelling].

(2) A credit plan in which a state agency is a creditor.

23. Because Defendant DUXFORD failed to comply with Section 226.23, Plaintiff has a continuing right to rescind.

24. Plaintiff has given notice of his election to rescind.

> Additional relief
>
> In any transaction in which it is determined that the creditor has violated this section, in addition to rescission, the Court may award relief under section 1640 of this title for violations of this sub-chapter not relating to the right to rescind.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against DUXFORD FINANCIAL, INC. for:

a. Rescission of the 2006 DUXFORD FINANCIAL, INC. loan;

b. Statutory damages for the disclosure violation;

c. Attorneys fees, litigation expenses and costs.

d. Such other relief as the Court may deem just and proper.

**COUNT II- FRAUD -VIOLATION OF UNFAIR PRACTICES ACT**

25. Plaintiff incorporates ¶¶ 1-24, as fully set forth above. This claim is against DUXFORD FINANCIAL, INC..

26. Defendant DUXFORD FINANCIAL, INC. engaged in unfair and deceptive acts in violation of the California Unfair Practices Act, *California Business & Professions Code* § 1700 et seq. as it is an unfair practice to advertise, misrepresent to consumers and encourage "fixed rate" mortgages, when the mortgage is actually a variable rate loan.

27. *California Business and Professions Code* § 17200 states as follows;

> As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

28. Defendant engaged in such unfair and fraudulent acts and practiced in course of trade and commerce in financial services.

29. Defendant intended that Plaintiff rely on the undisclosed facts, by signing a note and mortgage at an excessive rate and unfair terms.

30. Plaintiff did so rely, and was damaged.

31. The conduct of Defendant was deliberately oppressive, corrupt and dishonest.

/./.

/./.

**CLAIM FOR DECLARATORY RELIEF**

32. Plaintiff incorporates ¶¶ 1-31, as fully set forth above. This claim is against DUXFORD FINANCIAL, INC., and, CHASE HOME FINANCE.

33. An actual controversy has arisen and currently exists between Plaintiff and Defendants, and each of them, concerning the respective rights, obligations and duties of each party herein, whereas, Plaintiff contends that none of the Defendants herein have or had a legal right to foreclose on Plaintiff's' Trust Deed, and whereas Defendants, and each of them, dispute this contention, notwithstanding that they sold their interest in Plaintiff's Note, and do not own the security and are not the holders of any note in due course or otherwise, and cannot produce the original Note and chain of title with proper endorsements or assignments over to them, and that they are neither the Trustee lawfully appointed or the Beneficiary having paid real consideration for Plaintiff's Note and that the recorded Deed is a nullity, Defendants contend that they have a right to foreclose.

34. Plaintiff desires a judicial determination of Defendants rights, obligations and duties, and a declaration as to who owns Plaintiff's Trust Deed and Note, and who has a right to the payments thereunder and whether the foreclosure is valid and enforceable.

35. A judicial determination is necessary and appropriate at this time under the circumstances in order that Plaintiff's may ascertain their rights, obligations and duties and to whom they are owed, and what amount.

36. Plaintiff is under financial burden and emotional strain which he is suffering due to this unsettled state of affairs.

37. If Defendants are allowed to perfect their foreclosure on Plaintiff's Note and they are not entitled to do so, Plaintiff will be irreparably damaged in the loss of his property and investment in the same.

**APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE PRELIMINARY INJUNCTION, F.R.C.P. Rule 65**

38. Plaintiff applies for a Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction enjoining Defendants and his agents, employees, representatives, successors partners, assigns and those acting in concert or in participation with them, from doing the following:

a. Soliciting borrower, negotiating or arranging loans or performing services for borrower in connection with loans that are secured by real property;

b. Employing any person to solicit to borrowers, negotiate or arrange loans or perform services for borrower in connection with loans that are secured by real property;

c. Making or causing to be made any untrue or misleading statement(s) in connection with soliciting, making, or arranging a mortgage loan or in connection with performing any escrow services involving any mortgage loan, including, any misrepresentation that a loan is or will be made at a fixed interest rate when the loan is, or will be, made at an adjustable rate of interest, any misrepresentation of the interest rate or any fees or charges, any misrepresentation comparing the terms of borrowers current loan with the terms of any proposed refinancing of that loan, any misrepresentation of a borrower's income, employment, or assets on any loan application, any misrepresentation of the market value of any property that will be used as security for the repayment of a loan, or any misrepresentation related to a borrowers right to cancel or rescind a loan;

d. Disbursing or receiving any money or property out of any escrow except pursuant to escrow instructions actually signed by all of the relevant parties to the escrow and notarized by a notary who is not employed by or affiliated with any Defendant;

e. Forging any document or altering any loan document after it has been signed;

f. Recording or causing to be recorded any deed, trust deed, or other instrument affecting title to real property that has been forged, altered, or falsified in any respect;

g. Processing a loan or escrow related to a loan or recording a trust deed securing a loan if the loan or loan escrow has been cancelled by the borrower pursuant to the Truth in Lending Act (12 C.F.R. 226.23) or rescinded by the borrower on any ground specified in _California Civil Code_ § 1689.

h. Notarizing any deed, trust deed, or any other instrument affecting title to real property;

i. Operating as a credit services organization, as defined by _California Civil Code_ § 1789.12(a)without a certificate of registration from the Department of Justice as required by _California Civil Code_ § 1789.25;

/./.

j. Operating a credit services organization without obtaining a maintaining a surety bond as required by *California Civil Code* § 1789.18;

k. Failing to deliver copies of any loan documents, including loan applications and escrow instructions, at the time of execution to all persons executing those documents;

l. Failing to timely provide to borrowers all accurately completed disclosure statements required by law including the mortgage loan disclosure statement required under *California Business & Professions Code* §§ 10240, 10241, the Good Faith Estimate and HUD-1 forms required under the Real Estate Settlement Procedures Act, (RESPA), and the disclosures required under the Truth in Lending Act. (TILA).

39. Plaintiff additionally requests that the Court enter an order enjoining Defendants and their agents, employees, officers, representatives, successors, partners, assigns, and those acting in concert or participation with them, from spending, transferring, disbursing, encumbering, foreclosing on otherwise dissipating any real or personal property without prior Court approval, including but not limited to any money or other consideration that Defendants have received from Plaintiff for any loan, refinance transaction or appraisals made with Defendants and each of them, and any money or other consideration Defendants have received from Plaintiff as a result of their "Mortgage Scheme" including but not limited to money or other considerations obtained from borrowers, lenders, or other entities for the transaction.

Plaintiff requests a preliminary injunction to enjoin and restrain Defendants, and each of them, and their agents, assigns, employees, officers, attorneys and representatives from engaging in or performing any act to deprive Plaintiff of ownership or possession of the real property commonly known as and located at: 17509 Sandlewood Dr., Riverside, California 92503, including but not limited to instituting, prosecuting or maintaining foreclosure or sale proceedings on the property, from recording any deeds or mortgages regarding the Property or from otherwise taking any steps whatsoever to deprive Plaintiff of ownership on the Property.

This application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction is made under F.R.C.P. Rule 65, on the grounds that:

a. Defendants have violated, and continue to violate, the Truth in Lending Act, 15 U.S.C. § 1601;

b. Defendants have violated, and continue to violate *California Business & Professions Code* § 17200, (prohibiting unfair business practices), and 17500, (prohibiting false or misleading statements).

c. Defendants have violated, and continue to violate Real Estate Settlement Procedures Act, (RESPA);

d. The relief that the Plaintiff is requesting is necessary to protect themselves and the public as a whole from being irreparably harmed by Defendants' misconduct.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants and each of them, as follows:

1. For rescission of the 2006 DUXFORD Loan;

2. For General Damages in the amount of $563,000.00;

3. For Special Damages according to proof at the time of trial;

4. For exemplary or punitive damages in an amount sufficient to punish Defendants and each of them.

5. For an injunctive order enjoining and restraining Defendants, and each of them from engaging in or performing any act to deprive Plaintiff's of ownership or possession of their real property, including but not limited to, prosecuting or maintaining foreclosure or sale proceedings on Plaintiff's real property, from recording any deeds or mortgages regarding the property, or from otherwise taking any steps whatsoever to deprive Plaintiff's or ownership in the property.

6. For a judicial determination of the rights and duties of each party herein;

7. For Court fees and cost associated with bringing this action, including but not limited to attorneys fees and cost, if necessary.

8. For any and all further relief as the Court may deem just and proper.

Dated: August 20, 2008

By: ______________________
JOEL HARRINGTON

**VERIFICATION**

I, JOEL HARRINGTON, Plaintiff in the above entitled action, hereby declare that I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I hereby declare, under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Dated: August 20, 2008

By: [signature]
Joel Harrington

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

JOEL HARRINGTON

(b) County of Residence of First Listed Plaintiff SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

**DEFENDANTS**

DUXFORD FINANCIAL, INC; CHASE HOME FINANCE LLC.

FILED 2008 AUG 20 PM 12: 05 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY ______ DEPUTY

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'08 CV 1537 BTM RBB

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☒ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 15:1601

Brief description of cause: FEDRAL TRUTH IN LENDING

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 08/20/2008 SIGNATURE OF ATTORNEY OF RECORD Joel A. H[signature]

FOR OFFICE USE ONLY

RECEIPT # 154286 AMOUNT $350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

TAC 8/20/08

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 154286 - TC**

**August 20, 2008**
**12:22:12**

**Civ Fil Non-Pris**
USAO #.: 08CV1537
Judge..: BARRY T MOSKOWITZ
Amount.: $350.00 CA

**Total-> $350.00**

FROM: JOEL HARRINGTON
VS
DUXFORD FINANCIAL