1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL HARRINGTON,<br><br>                                       Plaintiff,<br><br>    vs.<br><br>CHASE HOME FINANCE, LLC, et al.<br><br>                                    Defendants. | CASE NO. 08cv1537 BTM(RBB)<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

## I. INTRODUCTION

On November 20, 2008, Plaintiff filed an ex parte application for a temporary restraining order and OSC re: preliminary injunction ("TRO Application").  In an order filed on that same day, the Court denied Plaintiff's TRO Application without prejudice because Plaintiff had not given notice of the application to any of the Defendants and had not established why he should be excused from giving notice.  The Court ordered Plaintiff to give notice to each of the Defendants and ordered Defendants to show cause why a temporary restraining order should not issue.  Upon review of Defendants' response to the Order to Show Cause,[1] Plaintiff's TRO application, and the verified First Amended Complaint, the Court concludes that Plaintiff has not shown that he is entitled to a temporary restraining

---

[1] A joint response was filed by Defendants Chase Home Finance, LLC and Mortgage Electronic Registration Systems, Inc.  The remaining defendant, First American Loanstar Trustee Services, has not yet made an appearance in the case.

1  order.

2

3  **II. DISCUSSION**

4  A.    Standard

5        The standard for issuing a preliminary injunction is the same as the standard for

6  issuing a temporary restraining order. See Dumas v. Gommerman, 865 F.2d 1093, 1095 (9th

7  Cir.1989).  To prevail on a motion for a preliminary injunction, the moving party must show

8  either "a) a probable success on the merits combined with the possibility of irreparable injury

9  or b) that [the moving party] has raised serious questions going to the merits, and that the

10  balance of hardships tips sharply in her favor."  Bernhart v. County of Los Angeles, 339 F.3d

11  920, 925 (9th Cir. 2003). These alternatives are "extremes of a single continuum," thus, "the

12  greater the relative hardship to the moving party, the less probability of success must be

13  shown."  Id. (citations omitted).  Courts will also consider the public interest when evaluating

14  a request for injunctive relief.  Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674

15  (9th Cir. 1988).

16

17  B.    Analysis

18        1. Background Facts

19        Plaintiff's claims arise out of a $378,300.00 loan he obtained from Duxford Financial,

20  Inc. ("Duxford") in February 2006.  The loan is secured by a deed of trust ("DOT") on

21  Plaintiff's home at 10448 Shelborne St. # 29, San Diego, CA 92127 (the "Property").  (Def.'s

22  RJN, Ex. 2.)   The DOT identifies Duxford as the lender, Mortgage Electronic Registration

23  Systems, Inc. ("MERS") as the nominee beneficiary, and Chicago Title Company as the

24  trustee.  The DOT was recorded on February 24, 2006, with the San Diego County

25  Recorder's office.

26        On that same day, a second deed of trust securing a loan by Plaintiff in the sum of

27  $98,900.00 was recorded.  (Def.'s RJN, Ex. 3).  This deed of trust identifies JP Morgan

28  Chase Bank, N.A. as the beneficiary.

08cv1537 BTM(RBB)

1    Also recorded on February 24, 2006, was a Condominium Grant Deed.  (Def.'s RJN,
2  Ex. 1.)  This Grant Deed transferred the Property at issue to Plaintiff.

3    On May 8, 2008, a Notice of Default and Election to Sell Under Deed of Trust was
4  recorded with the San Diego County Recorder's Office.  (Def.'s RJN, Ex. 5.)  According to
5  this notice, as of May 8, 2008, Plaintiff was $32,857.01 in arrears on his repayment of the
6  Duxford loan.  The notice also indicates that Plaintiff should contact Chase if he wishes to
7  arrange for payment to stop the foreclosure.  Chase explains that at this time, it was the
8  servicer of the Duxford loan.

9    In June 2008, First American Loanstar Trustee Services ("First American Loanstar")
10  was substituted in as the trustee under the DOT (Def.'s RJN, Ex. 6), and all beneficial
11  interest in the DOT was assigned to Chase.  (Def.'s RJN, Ex. 7.)

12    On August 13, 2008, a Notice of Trustee's Sale was recorded with the San Diego
13  County Recorder's Office.  (Def.'s RJN, Ex. 8.)

14

15    2. <u>Plaintiff's Allegations</u>

16    In his FAC, Plaintiff alleges that Defendants represented to him that the loan was a
17  30-year fixed rate loan with a fixed interest rate of 7.884% and not an "ARM" loan.  (FAC ¶
18  17.)  Plaintiff alleges that he was "baited" with the 30-year fixed rate mortgage only to be
19  switched to a three-year "ARM" loan.  (FAC ¶ 18.)  Plaintiff claims that he discovered on or
20  about January 1, 2008, that the loan was due to reset on or about October 1, 2008.  (FAC,
21  ¶ 15.)  On or about February 22, 2008, Plaintiff sent a Notice of Rescission to Chase.

22    Plaintiff also alleges that Defendants falsified employment and income information and
23  forged Plaintiff's name to subsequent escrow documents without Plaintiff's knowledge or
24  authorization.  (FAC ¶ 20.)  In addition, Plaintiff alleges that Defendants failed to provide the
25  necessary disclosure statements required under the Truth In Lending Act, 15 U.S.C. §1601,
26  <u>et</u> <u>seq.</u>, including, but not limited to, copies of Plaintiff's right to rescind and an ARM
27  disclosure.  (FAC ¶ 21.)  Plaintiff also disputes that any of Defendants have a legal right to
28  pursue foreclosure proceedings.  (FAC ¶ 41.)

3

08cv1537 BTM(RBB)

The FAC includes the following claims: (1) Rescission under the Federal Truth in Lending Act ("TILA"); (2) violation of the Fair Debt Collection Practices Act; (3) Predatory Lending Practices; (4) Fraud; and (5) Declaratory Relief.  As discussed below, Plaintiff has not established a likelihood of success on any of these claims.

3.  Merits of Claims

Plaintiff seeks to enjoin Defendants from performing any act to deprive him of ownership or possession of the Property, including, but not limited to, instituting, prosecuting, or maintaining foreclosure or sale proceedings on the Property or recording any deeds or mortgages regarding the Property.  However, Plaintiff has not shown that he is likely to prevail on any of his claims.

Plaintiff seeks rescission under the TILA, 15 U.S.C. § 1635.   Defendants argue that the remedy of rescission is unavailable to Plaintiff because the loan at issue was not a "refinance" loan, as alleged by Plaintiff, but, rather, a purchase loan.  It seems that Defendants are correct.

Section 1635 does not apply to "a residential mortgage transaction as defined in section 1602(w) of this title."  15 U.S.C. § 1635(e)(1).  Section 1602(w), in turn, defines a residential mortgage transaction as:

> [A] transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's *dwelling to finance the acquisition* or initial construction of such dwelling.

(Emphasis added.)

According to documents that were filed with the San Diego County Recorder's Office, the loan was for purposes of financing the acquisition of the property at 10448 Shelborne Street, # 29, San Diego, CA 92127.  (Def.'s RJN, Exs. 1-3.)  The Condominium Grant Deed and the two deeds of trust securing the loans to Plaintiff were recorded on the very same day.  Although Plaintiff alleges that the loan was a "refinance loan," Plaintiff has not presented any evidence that this is so.

First mortgages are "residential mortgage transactions" and are exempt from the right

4

1    to rescission provided by § 1635. <u>Turczynski v. Friedman</u>, 2007 WL 4556923 (E.D. Cal. Dec.

2    20, 2007).  Therefore, it appears that Plaintiff has no claim for rescission under the TILA. [2]

3          Plaintiff also asserts a fraud claim against Chase. Plaintiff alleges that Chase

4    fraudulently represented that the mortgage had a fixed-interest rate, with the intention to

5    induce Plaintiff to sign the note at an excessive rate and unfair terms.  (FAC ¶¶ 34-39.)

6    However, Chase was not the lender.  Duxford, who is not named as a defendant in the FAC,

7    was the lender. Chase became an assignee beneficiary of the DOT in June of 2008.  Plaintiff

8    has not come forward with evidence showing that Chase was actually involved in making

9    representations regarding the loan to Plaintiff and setting the terms of the loan.  Accordingly,

10   Plaintiff has not shown that he has a chance of succeeding on his fraud claim against Chase.

11         Plaintiff also asserts a claim of "predatory lending practices" in violation of the Home

12   Ownership and Equity Protection Act ("HOEPA") and the Federal Trade Commission Act and

13   a claim under the Fair Debt Collection Practices Act.  It is unclear exactly what provisions of

14   these acts Defendants allegedly violated and whether rescission would be a remedy.[3]

15   Moreover, once again, Plaintiff fails to specify exactly what each Defendant allegedly did.

16   Vague accusations of unfair lending and collection practices are insufficient to warrant

17   injunctive relief.

18         In his declaratory relief claim, Plaintiff contends that none of the Defendants has a

19   legal right to foreclose on the DOT.  However, Defendants have come forward with evidence

20   showing that Chase is the assignee beneficiary and First American Loanstar is the assignee

21   trustee.   Accordingly, it appears that Chase and First American Loanstar are entitled to

22   commence nonjudicial foreclosure proceedings pursuant to the terms of the DOT and Cal.

23   _____

24         [2] It seems that Plaintiff is also seeking statutory damages for violation of the TILA.
     (FAC ¶ 26.)  The Court need not analyze the merits of Plaintiff's claim for statutory damages,
25   because even if Plaintiff is likely to succeed on this claim, the proper relief is monetary
     damages, not rescission.
26

27         [3] The Court also notes that it appears that there is no private right of action under the
     Federal Trade Commission Act.  <u>See</u> <u>Alfred Dunhill Ltd. v. Interstate Cigar Co., Inc.</u>, 499 F.2d
28   232, 237 (2d Cir. 1974).  As for the HOEPA claim, it appears that HOEPA's additional
     disclosure requirements do not apply because Plaintiff's loan was a residential mortgage
     transaction.  <u>See</u> 15 U.S.C. § 1602(aa)(1).

1  Civ. Code §§ 2924-2924i.   Plaintiff has not presented evidence showing that these

2  assignments were invalid or that subsequent assignments have been made. [4]

3       Although the loss of Plaintiff's home may constitute an irreparable injury – <u>see, e.g.</u>,

4  <u>Wrobel v. S.L Pope & Assoc.</u>, 2007 WL 2345036 (S.D. Cal. June 15, 2007) - Plaintiff has

5  failed to show even a fair chance of success on the merits.   Therefore, Plaintiff is not entitled

6  to injunctive relief.

7

8  ### III.  <u>CONCLUSION</u>

9       For the reasons discussed above, Plaintiff's application for a temporary restraining

10  order and an OSC re: preliminary injunction is **DENIED**.

11  **IT IS SO ORDERED.**

12  DATED:  December 8, 2008

13

14  Honorable Barry Ted Moskowitz
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26      [4]  Plaintiff also indicates that he "contests the validity of the Note" (FAC ¶ 42) and
contests the authenticity of the signatures on the note (Harrington Decl. dated 11/19/08, ¶

27  5.)  It appears that Plaintiff's objection to the authenticity of the note is a form of evidentiary
objection.  Although Plaintiff claims that Defendants' notary forged his signature on various

28  documents, Plaintiff does not deny that he in fact signed the note.  Indeed, in his fraud claim,
Plaintiff states that he was induced into signing the note.  (FAC ¶ 37.)

08cv1537 BTM(RBB)